LOUIS R. RADIN, APPELLANT, v. JOHN J. CRERAN, RESPONDENT.

Submitted October 26, 1929—Decided February 3, 1930.

For the appellant, *David Bobker* and *Louis Klatzko*

᷎ For the respondent, *Joseph A. Fuerstman* and *Maxwell M. Albach.*

The opinion of the court was delivered by

BLACK, J.   This suit was brought to recover the amount due on a promissory note, dated August 3d, 1926, for $1,476.23.   The original note dated April 30th, 1925, was for $2,500, which had been reduced by subsequent payments and renewals to the amount sued for.   The suit was brought against the defendant as endorser.   The trial resulted in a verdict for the defendant.   This is the second trial of the case with verdicts in favor of the defendant.   The plaintiff appeals and files five grounds of appeal.   *First.* Error by the trial court in submitting to the jury the receipt of notice of protest by the defendant.   *Second.* So, the alleged misrepresentations in connection with the note sued on.   *Third.* So, the notary's diligence to ascertain defendant's address.   *Fourth.* Error in refusing to direct a verdict in favor of the plaintiff.   *Fifth.* Failure by the jury to answer four questions propounded in the charge by the trial judge to the jury.   This it is alleged was improper.   The first four grounds of appeal involve questions of fact, which we think were properly submitted to the jury to determine under the evidence.   The fifth ground is in the charge by the trial judge alleged as error, he said, "certain questions will be put to you which you will answer, if you please, and they have to do with the protest and with the diligence of the notary, and also with the misrepresentations."   The jury found a general verdict

against the plaintiff. No exception was taken to the court's charge in this respect. The counsel in his brief cites no cases, as authority, for holding this to be error. There is no merit in the point. It may not be amiss, however, to revert somewhat more fully to the real crux of the case, viz., the notice of protest and the notary's diligence to ascertain the defendant's address. The facts in the record relating to these points are as follows: The defendant was an accommodation endorser. The note originally given was for the purchase of a garage. The note sued on was the fifth renewal. The defendant, John J. Creran, was an officer and director of Morton & Company; Morton & Company had an account with the Broad and Market National Bank at Newark, New Jersey. The Broad and Market National Bank had a card containing the names of Morton & Company, John J. Creran and J. J. Creran the defendant, with the address, 828 Broad street, Newark, New Jersey. The letter containing the notice of protest by the notary was mailed to that address. It was never returned to the notary, who sent it out. It is alleged, the defendant never received the notice. For some months prior thereto, the defendant resided in Dover street, Newark, New Jersey. The only office maintained by him was as a member of the firm of Morton & Company, at No. 723 Broad street, Newark, New Jersey. This fact seemed to be well known to the plaintiff, who testified, "every one in Newark knows where Morton & Company is;" Morton & Company moved out from No. 828 Broad street to No. 723 Broad street, Newark, New Jersey, a block and a half down Broad street, on May 1st, 1925. The original note was dated April 30th, 1925. The note in suit was protested November 3d, 1926. The Negotiable Instruments statute applicable to the case is 3 *Comp. Stat., pp.* 3732, 3747, §§ 105, 108 and 112. Section 105 provides, "the sender is deemed to have given notice, notwithstanding any miscarriage in the mails." Section 108 provides place of giving notice, "either to the post office nearest to his place of residence, or to the post office where he is accustomed to receive his letters." Section

112 provides, "notice of dishonor is dispensed with when, after the exercise of reasonable diligence, it cannot be given to or does not reach the parties sought to be charged." In the case of the *First National Bank of Belmar* v. *Gray*, 101 *N. J. L.* 179, it was held, whether due diligence in ascertaining the address of an endorser and giving notice of dishonor as required by the statute were jury questions. Likewise, in the case of *Winans* v. *Davis*, 18 *Id.* 276; 3 *Rand. Com. Paper*, §§ 1281, 1286; 8 *Corp. Jur.* 665, § 935 B.

So, in this case, it was not error for the trial judge to submit the questions of the receipt of notice of protest by the defendant and the notary's diligence to ascertain the defendant's address, to the jury to determine.

Under such cases as *Maioran* v. *Calabrese*, 100 *N. J. Eq.* 315, misrepresentations or fraud about the sale of the garage for which the original note was given was available to the defendant as a defense, and, whether there was misrepresentation or not, as charged by the trial judge, was a jury question. This was not error. The subsequent renewals of the note and partial payments thereon were not a waiver or estoppel of the defense of misrepresentations, at the time of making the original note.

Finding no error in the record the judgment of the Essex County Circuit Court is therefore affirmed.

*For affirmance*—THE CHANCELLOR, CHIEF JUSTICE, TRENCHARD, PARKER, KALISCH, BLACK, CAMPBELL, LLOYD, CASE, BODINE, VAN BUSKIRK, MCGLENNON, KAYS, HETFIELD, DEAR, JJ. 15.

*For reversal*—None.